```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>     -v-<br><br>ANGEL CRISPIN,<br><br>          Defendant. | 19-cr-323 (JSR)<br><br>ORDER |

JED S. RAKOFF, U.S.D.J.:

On September 26, 2023, Mr. Crispin filed a motion for a sentence reduction under 18 U.S.C. § 3582. See Def. Mot., ECF No. 169. Mr. Crispin argues that a sentence reduction is warranted because of Amendment 821 to the Sentencing Guidelines and his health conditions, which Mr. Crispin alleges have worsened as a result of inadequate medical treatment in prison. Id. at 1-4, 11-12; Def. Reply Br. at 1-3, ECF No. 179. For the reasons discussed below, Mr. Crispin's motion for a sentence reduction is denied.

Under 18 U.S.C. § 3582(c)(1)(A)(i), a defendant must not only identify "extraordinary and compelling reasons warranting a sentence reduction" but must also show that "the 18 U.S.C. § 3553(a) sentencing factors [are] consistent with a lesser sentence than that previously imposed." See Garavito-Garcia v. United States, 544 F. Supp. 3d 484, 488 (S.D.N.Y. 2021).[1] To start, the Court is not convinced that Mr. Crispin has identified extraordinary and compelling reasons that would

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

1

justify reducing his sentence. First, counsel for Mr. Crispin concedes that Mr. Crispin "is not entitled to a re-sentencing under Amendment 821" because Mr. Crispin was already given a sentence below the revised guidelines range under the amendment. Reply. Br. at 1. In addition, the medical records furnished to the Court do not indicate that Mr. Crispin's cystic fibrosis has worsened or been mismanaged during his stay in prison. To the contrary, the medical records indicate that Mr. Crispin has not been consistently taking the medications needed to manage his medical conditions.

However, even assuming arguendo that Mr. Crispin has identified extraordinary and compelling reasons, Mr. Crispin has not shown a sentence reduction is consistent with the 3553(a) factors. The Court already considered Mr. Crispin's medical conditions in imposing a 120-month term of imprisonment, which was substantially below the guidelines range of 210 to 260 months. See 8/18/20 Hr'g Tr. at 4:3-6, 5:3-5, 17:5-14, 18:1-6, ECF No. 135.[2] Mr. Crispin has not identified any changed circumstances regarding his medical conditions that would warrant a further reduction, especially in light of the seriousness

---

[2] Counsel for Mr. Crispin also speculates that "had the Guidelines range been lower" (i.e., if Amendment 821 had been in effect at the time of sentencing and the guidelines range had been 188-235 months) then "the Court may have concluded that a sentence of less than 120 months was appropriate." Reply Br. at 1-2. However, even if Mr. Crispin's guidelines range had been 188 to 235 months, the Court still would have found that 120 months was the lowest sentence consistent with the 3553(a) factors because of the seriousness of Mr. Crispin's crimes. Therefore, counsel's argument is without merit.

of his crimes. Accordingly, Mr. Crispin's motion for a sentence reduction is denied.

The Clerk of Court is respectfully directed to close docket entry number 169.

SO ORDERED.

New York, NY
January 21, 2024

                                        JED S. RAKOFF, U.S.D.J.